NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30164 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00186-BR-1 |
| v. | |
| ROGER M. POLLOCK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and ANELLO,** District Judge.

Roger M. Pollock appeals the eighteen-month sentence imposed following

his guilty plea conviction for making a false statement to a federally insured bank,

in violation of 18 U.S.C. § 1014. We have jurisdiction pursuant to 28 U.S.C. §

1291 and 18 U.S.C. § 3742. We review the district court's identification of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

correct legal standard under the Sentencing Guidelines *de novo*, its application of the Guidelines for abuse of discretion, and its factual findings, including the calculation of loss, for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017); *United States v. Tulaner*, 512 F.3d 576, 578 (9th Cir. 2008). We conclude that the district court did not clearly err when it increased Pollock's Base Offense Level by fourteen levels based on the calculation of loss under Section 2B1.1(b)(1) of the Sentencing Guidelines, and therefore we affirm.

Pollock argues that the district court erred in finding that it could not reasonably estimate the actual loss suffered by the bank as a result of his offense. Pursuant to the commentary to Section 2B1.1 of the Guidelines, "actual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). The sentencing court must credit the fair market value of pledged collateral against actual loss. *See id.* at cmt. n.(3)(E)(ii). The district court did not err in finding that it could not reasonably determine the fair market value of the pledged collateral based on the facts in the record, and likewise did not err in concluding that it could not reasonably estimate actual loss. *See id.* at cmt. n.3(C) (citing 18 U.S.C. § 3742(e) and (f)).

Pollock further contends that the district court erred in calculating intended loss as the $674,000 in diverted loan proceeds. The commentary to the Guidelines defines "intended loss" as "the pecuniary harm that the defendant purposely sought

to inflict." U.S.S.G. § 2B1.1 cmt. n.3(A)(ii).  The record reflects that the district court conducted the required inquiry regarding Pollock's subjective intent, considered evidence regarding Pollock's intended disposition of the pledged collateral, and did not err in declining to credit the fair market value of the pledged collateral against intended loss.  *See United States v. McCormac*, 309 F.3d 623, 628 (9th Cir. 2002).

Finally, Pollock argues that the district court erred in finding that the $674,000 in diverted loan proceeds constituted Pollock's gain from the offense, and erred in using gain as an alternative measure of intended loss.  Because the district court did not err in calculating intended loss, we do not need to determine whether it correctly found in the alternative that the $674,000 in diverted loan proceeds also constituted Pollock's gain.

Accordingly, we AFFIRM.